IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN HOUTSMA,

    Petitioner,

v.                                         CASE NO. 1:19-cv-328-AW-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, ECF No. 1, and Motion to Proceed *In Forma Pauperis*, ECF No. 9. Petitioner is a detainee confined in the Florida Civil Commitment Center in Arcadia, Florida, pursuant to the Jimmy Ryce Act, Florida Statutes § 394.910.[1] Petitioner initiated this case in the Middle District of Florida on May 17, 2019, and the case was transferred to this Court on December 18, 2019. ECF Nos. 12, 13.

---

[1] A state court appellate case reflects the Levy County Circuit Court civilly committed Petitioner as a sexually violent predator under the Jimmy Ryce Act following a non-jury trial. *Houtsma v. State*, 828 So. 2d 1035 (Fla. 1st DCA 2002). The First DCA affirmed the case on September 13, 2002. *Id.*

1

## Discussion

Petitioner challenges a judgment and sentence imposed on July 8, 1998, by the Eighth Judicial Circuit Court in Levy County, Case No. 1997-CF-000777, following Petitioner's guilty plea to lewd and lascivious molestation of a victim under the age of twelve.[2] Petitioner was sentenced to two years and six months imprisonment. ECF No. 1 at 1.

Petitioner has previously sought habeas corpus relief from this same conviction and sentence. Those petitions were dismissed for lack of jurisdiction because Petitioner's criminal sentence had fully expired before the petitions were filed and, therefore, he did not satisfy the "in custody" requirement for seeking habeas corpus relief under § 2254. *See Houtsma v. Florida,* No. 1:19-cv-112-AW-GRJ, ECF No. 10 (N.D. Fla. Nov. 5, 2019); *Houtsma v. Florida,* No. 1:19-cv-98-MW-GRJ, ECF No. 5 (N.D. Fla. Sept. 3, 2019); *Houtsma v. Florida,* Case No. 4:19-cv-132-RH-CAS, ECF No. 6 (N.D. Fla. April 25, 2019); *Houtsma v. Florida,* No. 4:19-cv-131-RH-CAS, ECF No. 5 (N.D. Fla. April 25, 2019).

---

[2] Petitioner alleges that he is challenging a conviction in Levy County for lewd and lascivious acts and a violation of probation for which a judgment was entered on May 20, 2000. This appears to be a scrivener's error. As explained below, Petitioner was released from the custody of the Florida Department of Corrections on May 20, 2000, for his 1998 Levy Count conviction.

## Discussion

Petitioner challenges a judgment and sentence imposed on July 8, 1998, by the Eighth Judicial Circuit Court in Levy County, Case No. 1997-CF-000777, following Petitioner's guilty plea to lewd and lascivious molestation of a victim under the age of twelve.[2] Petitioner was sentenced to two years and six months imprisonment. ECF No. 1 at 1.

Petitioner has previously sought habeas corpus relief from this same conviction and sentence. Those petitions were dismissed for lack of jurisdiction because Petitioner's criminal sentence had fully expired before the petitions were filed and, therefore, he did not satisfy the "in custody" requirement for seeking habeas corpus relief under § 2254. *See Houtsma v. Florida,* No. 1:19-cv-112-AW-GRJ, ECF No. 10 (N.D. Fla. Nov. 5, 2019); *Houtsma v. Florida,* No. 1:19-cv-98-MW-GRJ, ECF No. 5 (N.D. Fla. Sept. 3, 2019); *Houtsma v. Florida,* Case No. 4:19-cv-132-RH-CAS, ECF No. 6 (N.D. Fla. April 25, 2019); *Houtsma v. Florida,* No. 4:19-cv-131-RH-CAS, ECF No. 5 (N.D. Fla. April 25, 2019).

---

[2] Petitioner alleges that he is challenging a conviction in Levy County for lewd and lascivious acts and a violation of probation for which a judgment was entered on May 20, 2000. This appears to be a scrivener's error. As explained below, Petitioner was released from the custody of the Florida Department of Corrections on May 20, 2000, for his 1998 Levy Count conviction.

For the same reason that Petitioner's previous petitions were dismissed, this Court lacks jurisdiction over the current petition. Relief under § 2254 is available only to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a prerequisite to invoking the Court's subject-matter jurisdiction. *Krott v. Walton CI Warden*, 727 F. App'x 649 (11th Cir. 2018) (citing *Diaz v. State of Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1264 (11th Cir. 2012)).

In *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction. The Court explained:

> While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide … for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out

3

of the statute.

*Maleng*, 490 U.S. at 492; *see also Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S. 394, 403–04 ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." (internal citations omitted)).

The information available at the Florida Department of Corrections website reflects that Petitioner served his prison sentence and was released from custody on May 20, 2000.  His ten-year criminal probationary sentence has likewise expired.  Thus, when Petitioner filed this case, he was no longer "in custody" pursuant to the Levy County conviction that he seeks to challenge in the instant petition.  Petitioner is also not "in custody" from his conviction because he is detained in the Florida Civil Commitment Center pursuant to the Jimmy Ryce Act.  *Marsh v. Butterworth*, No. 07-23197-CIV, 2008 WL 2782757, at *1 (S.D. Fla. July 16, 2008); *see also*

4

*Murray v. Reiger*, 872 So. 2d 217, 223 (Fla. 2002) (involuntary civil commitment is not "continued punishment" for a criminal offense); *Westerheide v. State*, 831 So. 2d 93, 100 (Fla. 2002) (involuntary commitment is not "retribution for a past misdeed").[3]

The instant petition, therefore, is due to be **DISMISSED** for lack of jurisdiction. Consequently, Petitioner's motion to proceed as a pauper is due to be **DENIED AS MOOT**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." To warrant the issuance of a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding "a substantial showing of the denial of a constitutional right … includes showing that

---

[3] To the extent Petitioner's claims could be construed as seeking relief from the judgment underlying his involuntary civil commitment, rather than his criminal conviction, Petitioner has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Middle District of Florida that challenges this confinement. Case No. 2:19-cv-277-JES-MRM (M.D. Fla.).

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal citations omitted)).   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing § 2254 Cases, R. 11(b).

After review of the record, the undersigned concludes there has been no substantial showing of the denial of a constitutional right.   The undersigned, therefore, recommends that a certificate of appealability should be **DENIED**.

Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the permitted objections.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED** for lack of jurisdiction.

2. Petitioner's Motion to Proceed *In Forma Pauperis*, ECF No. 9, should be **DENIED AS MOOT**.

**IN CHAMBERS** this 27th day of January 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.