# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

JOHN HOUTSMA,

    Petitioner,

v.                                      Case No. 1:19-cv-328-AW-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER DISMISSING § 2254 PETITION

I have considered the magistrate judge's January 27, 2020 Report and Recommendation. ECF No. 15 (R&R). No objections have been filed. The Report and Recommendation concludes the petition should be dismissed, and I agree.

John Houtsma filed a pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ECF No. 1. Houtsma has been civilly detained pursuant to the Jimmy Ryce Act, Fla. Stat. § 394.910. R&R at 1.

If Houtsma's petition is construed to challenge his 1998 conviction and sentence, it must be dismissed for lack of jurisdiction because Houtsma is no longer serving that sentence. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 396-97 (2001); *see also Brown v. Sec'y, Fla. Dep't of Children & Families*, 267 F. App'x 861, 862-63 (11th Cir. 2008) ("Although petitioner's convictions were used as a predicate for a civil commitment

1

rather than to enhance a criminal sentence, we regard them as valid and not subject to federal habeas review.").

But the petition could also be construed to challenge Houtsma's indefinite post-sentence confinement under the Jimmy Ryce Act. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (pro se pleadings should be "liberally construed").[1] And although Houtsma cannot challenge his 1998 conviction, he is not necessarily barred from challenging his civil commitment. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("[F]ederal habeas corpus review [under 28 U.S.C § 2254] may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt."); *Kakuk v. Dep't of Children & Family Servs.,* 516 F. App'x 901, 903 (11th Cir. 2013).

Houtsma already has a pending, earlier-filed habeas petition challenging his civil commitment. *See Houtsma v. Shew et al.*, 2:19-cv-00277-JES-MRM, ECF No. 1 (M.D. Fla. March 19, 2019); *see also* 2:19-cv-00277-JES-MRM, ECF No. 12 at 1 ("Petitioner . . . appears to challenge his continued civil commitment pursuant to the [Jimmy Ryce Act], §§ 394.479 to 394.484, Fla. Stat. . . . , as violating the

---

[1] As the Middle District noted before transferring the case here, the petition is unclear. *See* ECF No. 12 at 1 ("As best the Court can tell, the Petition challenges either Petitioner's underlying state court conviction which placed him at the FCCC or the state court's determination to commit him under the Jimmy Ryce Act.").

United States Constitution."). There, Houtsma seeks release under § 2241. 2:19-cv-00277-JES-MRM, ECF No. 1 at 8.

Houtsma's two pending petitions—this one under § 2254 and the Middle District case under § 2241—seek the same relief. Sections 2254 and 2241 provide "a single remedy, the writ of habeas corpus." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003). They do not provide "discrete and independent source[s] of post-conviction relief." *Id*.; *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) ("Accordingly, we concluded in *Medberry* that where a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254."). Since Houtsma's § 2241 habeas petition was already pending in the Middle District, his duplicative claim should not proceed here.[2]

It is ORDERED:

1. The Report and Recommendation (ECF No. 15) is approved to the extent it recommends dismissal.

2. The application to proceed in forma pauperis (ECF No. 9) is denied as moot.

---

[2] This is the second time this court has considered this same petition—down to the typos and extraneous marking. *Compare Houtsma v. State of Florida*, 1:19-cv-112-AW-GRJ, ECF No. 1 (N.D. Fla. June 13, 2019), *with* ECF No. 1. The last time, Houtsma was ordered to file an amended petition, and the case was ultimately dismissed.

3. The clerk will enter a judgment that says, "The § 2254 petition is dismissed."

4. A certificate of appealability is DENIED.

5. The clerk will close the file.

SO ORDERED on April 8, 2020.

                                                           s/ *Allen Winsor*
                                                           United States District Judge